STATE OF MISSISSIPPI

IN THE COUNTY COURT OF HARRISON COUNTY

I, Gayle Parker, Clerk of County Court of Harrison County, Mississippi, do hereby

certify that the above and foregoing constitutes a true and correct copy of the entire file

Georgia Karlson                                    PLAINTIFF

VS                                         NO. D2401-15-1551

City of Gulfport, MS, Shawn Williams,              DEFENDANT
George Vitteck + John Does 1-5

as the same now appears.

AND I FURTHER CERTIFY that said County Court is a Court of Record with an

official seal, and that I, as Clerk of said County Court, am the custodian of the records

and seal of this said court, at the CITY OF GULFPORT on this _9th_ day of

December , 2015 .

GAYLE PARKER
Clerk of County Court of Harrison
County, Mississippi

By: _Hannisha Remmy DC_

Gayle Parker, Circuit Clerk
Harrison County
PO Box 998
Gulfport, MS 39502



IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

GEORGIA KARLSON                                      PLAINTIFF

VERSUS                              CAUSE NO. D24OC-15-1551

CITY OF GULFPORT, MISSISSIPPI,
SHAWN WILLIAMS , GEORGE VITTECK and
JOHN DOES 1 - 5                                     DEFENDANTS

## COMPLAINT

### PLAINTIFF REQUESTS A TRIAL BY JURY

NOW COMES the Plaintiff, Georgia Karlson, by and through her

attorneys, Brown Buchanan P.A., and files this her Complaint for deprivation of

her civil rights resulting in physical and mental injuries, and related and resultant

damages, against these Defendants and in support of her Complaint would state

the following:

### PRELIMINARY STATEMENT OF CLAIM

This is a Federal Civil Rights lawsuit, claim and action brought pursuant to

42 U.S.C. § 1983 and 42 U.S.C. § 1988, and under the protections, privileges and

provisions afforded the Plaintiff, Georgia Karlson, and any other similarly situated

citizen, under the Due Process Clause of the Fourth Amendment to the United

States Constitution and the Fourteenth Amendment to the United States

Constitution, for the use of excessive, unreasonable, unwarranted and unnecessary

and injurious force against her by the police officers of the City of Gulfport,

Mississippi, acting under color of law, resulting in significant and permanent disability.

## I. PARTIES

1. Plaintiff, Georgia Karlson, is an adult resident citizen of Harrison County, Mississippi.

2. The Defendant, The City of Gulfport, Mississippi, is a political subdivision of the State of Mississippi, and is the entity having ultimate authority, responsibility and control of and for the oversight of the decisions affecting and funding of the Gulfport jail and the Gulfport Police Department. Defendant may be served with process by serving the Hon. Billy Hewes, Mayor, at his office at City Hall, 15th Street, Gulfport, Mississippi 39501.

3. The Defendant, Shawn Williams, is an adult resident citizen of Harrison County, Mississippi, who at all relevant times was acting in the course and scope of his employment with the City of Gulfport, Mississippi, and who may be served with process by personal service at 1400 28th Street, Gulfport, Mississippi 39501.

4. The Defendant, George Vitteck, is an adult resident citizen of Harrison County, Mississippi, who at all relevant times was acting in the course and scope of his employment with the City of Gulfport, Mississippi, and who may be served with process by personal service at 16023 April Drive, Gulfport, Mississippi, 39503.

5. The Defendant John Doe 1 is an unidentified police officer who was involved in the subject incident and who at all relevant times was acting in the course and scope of his employment with the City of Gulfport, Mississippi.

6. The Defendants John Does 2 - 5 are unidentified police officers who were at all relevant times was acting in the course and scope of their employment with the City of Gulfport, Mississippi, when they intentionally destroyed the security coverage of the subject incident knowing it contained evidence favorable to the Plaintiff.

## II. JURISDICTION AND VENUE

7. This is a Federal Civil Rights lawsuit, claim and action brought pursuant to 42 USC § 1983, 42 USC § 1985 and 42 USC § 1988, and under the protections, privileges and provisions afforded the Plaintiff, Georgia Karlson, and any other similarly situated, accused and arrested citizen temporarily incarcerated as a "pre-trial detainee" under the Due Process Clause of the Fourth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution, and also the protections afforded incarcerated prisoners under the provisions and standards of the Eighth Amendment to the United States Constitution should the Court determine the Plaintiff to be a entitled to the protections afforded to convicted offenders incarcerated in a penal institution as prisoners.

8. The incident that is the subject of this lawsuit occurred on November 8, 2014, in Gulfport, Harrison County, Mississippi.

9. Venue in this Court is proper because the incident giving rise to the claims of the Plaintiff occurred in Gulfport, Harrison County, Mississippi.

### III. FACTS

10. On November 8, 2014, at approximately 3:30 a.m., Plaintiff and Patrick Rogers were in their apartment, engaged in an argument regarding finances. At some point during this argument, Plaintiff scratched Mr. Rogers' neck. In response to this, Mr. Rogers pushed Plaintiff. Plaintiff then called the Gulfport Police Department.

11. After receiving Plaintiff's call, Officer Shawn Williams (265), Officer George Vitteck (238) and a third officer (whom we are unable to identify at this time) were dispatched to Plaintiff's residence. When they arrived at Plaintiff's residence, the officers separated Plaintiff and Mr. Rogers. Officer Vitteck spoke with Plaintiff and Officer Williams spoke with Mr. Rogers. The officers then interviewed two (2) of Plaintiff's children. After speaking with everyone, the officers placed Plaintiff and Mr. Rogers into handcuffs and transported them, in separate vehicles, to the Gulfport Police Department.

12. Upon arrival at the Gulfport Police Department, Plaintiff was placed into one (1) of three (3) holding cells. Plaintiff was emotional and upset from the arrest and from being incarcerated. When she was placed into the holding cell, Plaintiff knocked on the glass. In response to Plaintiff knocking on the glass, Officer Williams said: "Oh no, here we go." Approximately five (5) minutes after Plaintiff knocked on the glass, three (3) Gulfport Police Officers, including Officer Williams and Officer Vitteck, entered Plaintiff's cell. When he entered Plaintiff's cell, Officer Williams instructed Plaintiff to "get up." Plaintiff stated: "Leave me alone. Don't touch me." Plaintiff then repeated this phrase. In response to Plaintiff saying "Leave me alone. Don't touch me," Officer Williams stated to Plaintiff: "You're f_ _ _ ing crazy." Plaintiff then started to get up in compliance with Officer Williams' command. As Plaintiff was getting up, Officer Williams grabbed Plaintiff's right arm, in the biceps area, pulled her left hand behind her back and violently shoved her upward, approximately three (3) steps, into the wall. Plaintiff hit the wall with her shoulder, face and nose. As a result of being forcibly shoved into the wall, Plaintiff immediately began to profusely bleed from her nose. She was transported to Gulfport Memorial Hospital.

13. As a result of this incident, Plaintiff was charged with Disorderly Conduct - Failure to Comply and Simple Domestic Violence. The domestic violence charge was remanded to file on January 15, 2015. On that same date

(January 15, 2015), the charge of Disorderly Conduct - Failure to Comply was dismissed because, as stated by the Gulfport Municipal Court in its Order: "the City failed to preserve the video that was requested by the Defendant. The video is alleged to have exculpatory evidence."

14. The City of Gulfport and John Doe Defendants 2 - 5 intentionally destroyed and failed to retain and produce the security coverage of this incident.

15. Shawn Williams, George Vitteck and John Doe 1, while acting under color of law, willfully, wantonly and intentionally used excessive force against Plaintiff in an act of corporal punishment amounting to an assault and battery, resulting in significant injury to the Plaintiff.

16. After Plaintiff suffered these gross abuses and injuries, John Doe Defendants 2 - 5, employees of the Gulfport Police Department acting within the course and scope of their employment, and with final decision making authority, engaged in acts to falsely deny and/or cover-up what had occurred by, *inter alia*, destroying the surveillance coverage of the subject incident.

17. The Defendant, the City of Gulfport, by and through its officials, failed to take any meaningful action to prevent the continuation of this type of abuse and destruction of evidence, thus evidencing a "policy" and "deliberate indifference" to the known consequences of the policy, which foreseeably and consequently

resulted in the abuse and constitutional violations against incarcerated persons, including Plaintiff.

18. The Defendant, the City of Gulfport and/or its appointed officials, granted and clothed with final policy and/or decision making authority, whether actual or de facto, participated, encouraged, authorized or acquiesced in the existence of subordinate officials' failure to properly supervise, control, direct, discipline and/or train Gulfport Police officers to prevent these constitutional violations, resulting directly, foreseeably and consequently in continuing abuses of and use of injurious excessive force on inmates and detainees held by the City of Gulfport, including Plaintiff. In this case, there was no corrective action taken against any of the officers involved in the subject incident.

19. The City of Gulfport, Mississippi was and is vested with the final decision making authority and responsibility to hire, train, supervise, set policies and determine procedures, enforce policies and procedures, delegate authority and generally oversee and supervise the daily operation of the entire Gulfport Police Department and all its divisions, departments and personnel. As such, the City of Gulfport was and is directly responsible for the handling of all persons detained, confined, incarcerated or otherwise held, regardless of individual status, within the City of Gulfport.

20.   Defendant, Shawn Williams was at all times relevant to this Complaint, an employee of the City of Gulfport and was a police officer for the City of Gulfport. As a police officer, Officer Williams participated in the daily operations of his specific job, and he was directly responsible for handling persons detained, confined, incarcerated or otherwise held, regardless of individual status. Officer Williams is being sued individually and as a state official acting under color of state law.

21. Defendant, George Vitteck was at all times relevant to this Complaint, an employee of the City of Gulfport and was a police officer for the City of Gulfport. As a police officer, Officer Vitteck participated in the daily operations of his specific job, and he was directly responsible for handling persons detained, confined, incarcerated or otherwise held, regardless of individual status. Officer Vitteck is being sued individually and as a state official acting under color of state law.

22. John Doe Defendant 1 was at all times relevant to this Complaint, an employee of the City of Gulfport and was a police officer for the City of Gulfport. As a police officer, Officer Williams participated in the daily operations of his specific job, and he was directly responsible for handling persons detained, confined, incarcerated or otherwise held, regardless of individual status. Officer

Page 8 of 19

Williams is being sued individually and as a state official acting under color of state law.

23. John Doe Defendants 2 - 5 were at all times relevant to this Complaint, employees of the City of Gulfport responsible for the maintenance of the security coverage in the jail. They were directly responsible for handling persons detained, confined, incarcerated or otherwise held, regardless of individual status. John Doe Defendants 2 - 5 are being sued as individuals and as state officials acting under color of state law.

## IV. VIOLATION OF CONSTITUTIONAL PROTECTIONS AFFORDED PRE-TRIAL DETAINEE GEORGIA KARLSON RESULTING IN SERIOUS INJURY BY POLICE OFFICERS ACTING UNDER COLOR OF STATE LAW

24. This is a Federal Civil Rights lawsuit, claim and action brought under 42 USC § 1983, USC § 1985, USC § 1988 and under the protections and provisions afforded the Plaintiff and any similarly situated accused and arrested citizen as a "pre-trial detainee" under the Due Process Clause of the Fourth Amendment to the United States Constitution and the Fourteenth Amendment to the United States Constitution (afforded the same rights as incarcerated prisoners under the provisions and standards of the Eighth Amendment to the United States Constitution) as these Amendments apply to pre-trial detainees held in certain circumstances and conditions similar and/or analogous to convicted offenders incarcerated in a penal institution as prisoners.

25.  While temporarily held in the Gulfport Police Department holding cell, on or about November 8, 2014, Plaintiff was brutally beaten by the Defendants who were using excessive force, while acting in the course and scope of their employment and while acting under color of state law as local officials for the City of Gulfport, Mississippi, resulting in serious injuries and a gross deprivation of protective constitutional provisions and complete denial of Plaintiff's's due process and related civil rights.  In addition, Defendants conspired to, and did in fact, intentionally destroy evidence, which constitutes further actions that were taken to deny Plaintiff of her due process and related civil rights.

26.  All the injurious and harmful actions against Plaintiff have been committed while Defendants were acting under "color of law", specifically state law and their authority as police officers, resulting in gross deprivations of the Plaintiff's afforded and asserted constitutional rights, interests, immunities and protections, resulting in serious, severe and significant physical and mental injuries.

## V. INTENTIONAL USE OF INJURIOUS EXCESSIVE FORCE

27.  Defendants Williams, Vitteck and John Doe Defendant 1, who were police officers working for the City of Gulfport, used unnecessary, unreasonable and wanton force on the Plaintiff, a pre-trial detainee, when she was brutally beaten on or about November 8, 2014. Such force was intentional, malicious,

Page 10 of 19

sadistic, excessive, not applied in good faith and was used for the sole purpose of causing harm and inflicting pain. Such force amounted to willful punishment of a pre-trial detainee.

28.   The force described in the preceding paragraph was intentional, unnecessary, wanton and willful excessive force. This force was without any justification. The injurious blows were not in self-defense. The injurious blows amounted to an assault and battery. And:

A. Was grossly disproportionate to any need for use of force and was inspired by malice rather than merely careless or unwise zeal.

B. Said force amounted to an abuse of official power, intentional to the extent that it "shocks the conscience."

C. Such force evidenced a "deliberate indifference" to the safety, well-being and protections afforded Plaintiff.

D. Such force caused significant pain and unbearable suffering to Plaintiff.

E. Such force amounted to cruel and unusual punishment.

F. Such force caused and directly resulted in substantial, severe, significant, debilitating and permanent physical, mental and psychological injuries to Plaintiff.

29. Defendants' actions were sadistic in nature and for the sole purpose of exacting corporal punishment and revenge and/or other satisfaction for some insult/offense they believed Plaintiff had committed.

30. Prior to the assault, Plaintiff was contained within a Holding Cell.

31. Prior to the assault, Plaintiff was not a threat to anyone.

32. Prior to the assault, Plaintiff had merely been tapped on the glass inside the Holding Cell and said "don't touch me."

33. After the assault by Defendants, Plaintiff suffered significant, immediate and painful injury to her face, head and nose.

34. These intentional injurious actions by the Defendants violated the due process protections afforded Plaintiff under the Fourth and Fourteenth Amendments to the U.S. Constitution and violated Plaintiff's protections afforded under these Amendments as they apply to incarcerated persons being held as pre-trial detainees.

## VI. CONSPIRACY TO COVER-UP BEATING
## BY POLICE OFFICERS

35. Supervisors and supervisory personnel of the City of Gulfport's police department had actual knowledge and acquiescence of their police officers and other employees' injurious actions against Plaintiff.

36. After Plaintiff's beating, Defendants participated in a conspiratorial scheme to camouflage, cover-up, falsely explain and/or deny what in truth and in fact happened to Plaintiff.

37. In aid of their conspiracy, Defendants directly, intentionally and falsely accused Plaintiff of assaulting police officers and committing further criminal acts for which Plaintiff could be charged, prosecuted and punished.

38. Defendants also destroyed evidence that was favorable to the Plaintiff.

39. In furtherance of this conspiracy, Defendants prepared false reports of the incident and circumstances surrounding the beating of Plaintiff.

40. These actions were part of an effort to conceal / justify the pattern of abuse and misuse of force used on pre-trial detainees such as Plaintiff, and officials, all as the ranking officers with final decision making authority for the City of Gulfport and Gulfport Police Department aided and abetted the misuse of force and the conspiracy related thereto, by either condoning such acts and/or by failing to take appropriate actions and measures in order to prevent the abusive and injurious actions of the officers involved; thus, subjecting the Plaintiff to abuse in violation and deprivation of rights afforded to him as set forth above.

## VII. FAILURE TO PROPERLY TRAIN AND SUPERVISE

41. The above described incident involving the brutal beating of Plaintiff was a direct result of the City of Gulfport's final policy making and failing to properly train and/or supervise the police officers and their supervisors.

42.     With proper training, the subject incident could not have occurred.

43.     Such abject failure by the Defendant, the City of Gulfport, to properly train and/or supervise its police officers and their supervisors constitutes deliberate indifference to Plaintiff's and other detainees safety, welfare and their constitutional protections, privileges, immunities and rights.

44.     The direct actions and knowledge of the City of Gulfport with final policy making authority intentionally allowed this abject lack of training and/or supervision to become so pervasive, endemic and well settled as to constitute a custom and policy.

## VIII. DECEPTIVE STATEMENTS AND CONSPIRACY TO COVER-UP

45.     After the assault and brutal beating, Defendants filed a report of the incident that failed to accurately account for what occurred.

46.     In addition, the Defendants destroyed evidence that was beneficial to the Plaintiff.

47.     All of these actions were in furtherance of an ongoing conspiracy to allow abuse of pre-trial detainees and then falsely deny, conceal and cover-up what had occurred.

## IX. PLAINTIFF'S PERMANENT INJURIES AND DAMAGES

48.     Plaintiff suffered and still suffers from serious, significant and permanent injuries, mental and physical disabilities as a direct result of the brutal

beating and cruel and inhumane treatment she received on or about November 8, 2014, at the hands of the Defendants.

49. As a direct consequence of her severe and brutal assault, Plaintiff suffered and continues to suffer from physical pain, mental and emotional anguish.

50. Since her severe and brutal beating and directly and as a consequence of the debilitating injures and related impairments, Plaintiff suffers from physical impairments, which will require future medical treatment.

51. Since her severe and brutal beating, and directly and as a consequence of the debilitating injuries and related impairments, Plaintiff suffers from mental impairments, which will require future medical treatment.

## X. STATE LAW CLAIMS

### A. Compliance with the Mississippi Tort Claims Act

52. The Plaintiff, Georgia Karlson, has properly and fully required with the requirements of the Mississippi Tort Claims Act, Miss.Code Ann. § 11-46-11 by providing her pre-suit Notice of Claims delivered by certified mail, to which no response was received.

53. Paragraphs 1 - 47 of the Complaint are incorporated into Paragraph 48 of the Complaint as if set forth, herein, in full.

## ASSAULT AND BATTERY

54.  The Defendants are liable, both individually and jointly and severally, for the assault and battery.  Defendants' actions were willful, wanton, directed to cause harm, were of such a nature as to evoke outrage and revulsion, and caused severe physical and mental injuries to the Plaintiff.

55.  The Plaintiff's injuries were foreseeable from Defendants' intentional actions.

56.  The Defendants, acting in accordance with their policies, customs, procedures and habits, intentionally assaulted Plaintiff without cause.

57.  The Defendants, acting in accordance with their policies, customs, procedures and habits, intentionally disposed of evidence that was helpful to Plaintiff's allegations and case.

58.  As a direct and proximate result of this use of excessive force, Plaintiff suffered a nasal fracture, nasal laceration and facial contusion.  Plaintiff may have to undergo future medical treatment, including but not limited to, nasal surgery. Plaintiff continues to suffer from headaches and neck pain, as well and mental pain and suffering.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.  The Defendants are liable, both individually and jointly and severally, for then intentional infliction of emotional distress.  Defendants' actions were

willful and wanton, directed to and intended to cause harm, were of such a nature as to evoke outrage and revulsion and caused Plaintiff to suffer sever emotional distress.

60. The Plaintiff's injuries were foreseeable from Defendants' intentional actions.

61. Defendants, acting in accordance with their policies, customs, procedures and habits, intentionally assaulted Plaintiff without cause.

62. The Defendants, acting in accordance with their policies, customs, procedures and habits, intentionally disposed of evidence that was helpful to Plaintiff's allegations and case.

63. As a direct and proximate result of this use of excessive force, Plaintiff suffered a nasal fracture, nasal laceration and facial contusion. Plaintiff may have to undergo future medical treatment, including but not limited to, nasal surgery. Plaintiff continues to suffer from headaches and neck pain, as well and mental pain and suffering.

## XI. CONCLUSION

Plaintiff, Georgia Karlson, while temporarily held in a Gulfport Police Department holding cell, on or about November 8, 2014, was brutally beaten by the Defendants, who were using excessive force, while acting in the course and scope of their employment and while acting under color of state law as local

officials for the City of Gulfport, Mississippi, resulting in serious injuries and a gross deprivation of protective constitutional provisions and complete denial of Plaintiff's's due process and related civil rights. In addition, Defendants conspired to, and did in fact, intentionally destroy evidence, which constitutes further actions that were taken to deny Plaintiff of her due process and related civil rights.

## XII. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Georgia Karlson, respectfully requests a jury trial to present the evidence and eye-witnesses testimony concerning the abusive and injurious actions of these Defendants against her and at the conclusion of the requested trial, that this Court enter a judgment as follows:

(1)    Against the Defendants acting under color of state law, jointly and/or severally, in an award for all actual and compensatory damages, past, current and future, for and from the injuries, disabilities and suffering sustained by the Plaintiff, Georgia Karlson.

(2)    Against the named Defendants, jointly and severally, for all Plaintiff's reasonable attorney's fees pursuant to 42 USC § 1988 and all associated allowable costs, related litigation expenses and recoverable expert witness fees.

(3)     Against the named Defendants for other such relief as this

Honorable Court may deem necessary, appropriate, equitable and just under the

circumstances of this action.

RESPECTFULLY SUBMITTED

GEORGIA KARLSON

By:   BROWN BUCHANAN P.A.

By:   _____

       PATRICK R. BUCHANAN

Patrick R. Buchanan (MSB No. 8439)
Brown Buchanan P.A.
234 Caillavet Street, Suite 100
Post Office Box 1377
Biloxi, MS  39533
Telephone:   228.374.2999
Facsimile:    228.435.0035
mailb@brownbuchanan.com

## COVER SHEET
### Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

| Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|
| 2 4 | 1 C 0 | | 2 0 1 5 | 0 1 5 5 1 |
| County # | Judicial District | Court ID (CH, CI, CO) | | Local Docket ID |

| | |
|---|---|
| 1 1 0 2 0 1 5 | |
| Month  Date  Year | This area to be completed by clerk |

Mississippi Supreme Court      Form AOC/01
Administrative Office of Courts      (Rev 2009)

Case Number if filed prior to 1/1/94

In the ☐ COUNTY ☐ Court of  HARRISON  ☑ County — FIRST ☑ Judicial District

**Origin of Suit (Place an "X" in one box only)**
☑ Initial Filing   ☐ Reinstated   ☐ Foreign Judgment Enrolled   ☐ Transfer from Other court   ☐ Other
☐ Remanded   ☐ Reopened   ☐ Joining Suit/Action   ☐ Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual  KARLSON _____ GEORGIA _____ Maiden Name, if applicable ___ M.I. ___ Jr/Sr/III/IV ___
Last Name                First Name

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff  2202 MORAIS PLACE, UNIT A, GULFPORT, MS  39507
Attorney (Name & Address)  Patrick R. Buchanan, Brown Buchanan P.A., P.O. Box 1377, Biloxi, MS 39533        MS Bar No. 8439
___ Check ( x ) if Individual Filing initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual _____ Last Name ___ First Name ___ Maiden Name, if applicable ___ M.I. ___ Jr/Sr/III/IV ___

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/s) or State Agency, and enter entity:
D/B/A or Agency _____

Business  City of Gulfport, Mississippi - City Hall, 15th Street, Gulfport, MS  39501
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____                MS Bar No. ___

Attorney (Name & Address) - If Known _____    Check ( x ) if child support is contemplated as an issue in this suit.*

Damages Sought:      Compensatory $ _____  Punitive $ _____
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other _____ | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other _____ | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other _____ |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other _____ | **Torts** |
| ☐ Termination of Parental Rights | ☐ Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other _____ | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| **Appeals** | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other _____ | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | **Statutes/Rules** | ☐ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | ☐ Product Liability |
| ☐ Worker's Compensation | ☐ Will Contest | ☐ Declaratory Judgment | ☐ Subrogation |
| ☐ Other _____ | ☐ Other _____ | ☑ Other  Civil Rights violation | ☐ Wrongful Death |
| | | | ☐ Other _____ |

IN THE <u>COUNTY</u> ☑ COURT OF <u>HARRISON</u> ☑ COUNTY, MISSISSIPPI

<u>FIRST</u> ☑ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ - _____     Docket No. If Filed
        File Yr     Chronological No.     Clerk's Local ID    Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

Individual: <u>WILLIAMS</u>    <u>SHAWN</u>    ( _____ ) _____ _____
           Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

     Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

     D/B/A _____

Business <u>1400 28TH STREET, GULFPORT, MS 39501</u>_____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

     D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

Individual: <u>VITTECK</u>    <u>GEORGE</u>    ( _____ ) _____ _____
           Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

     Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

     D/B/A _____

Business <u>16023 APRIL DRIVE, GULFPORT, MS 39503</u>_____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

     D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

Individual: _____
           Last Name       First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

     Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

     D/B/A _____

Business _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

     D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

# IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**GEORGIA KARLSON**                                              **PLAINTIFF**

CAUSE NO. D2401-15 -1551

**VERSUS**

**CITY OF GULFPORT, MISSISSIPPI,**
**SHAWN WILLIAMS , GEORGE VITTECK and**
**JOHN DOES 1 - 5**                                             **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:     **CITY OF GULFPORT**
        **C/O BILLY HEWES, MAYOR**
        **CITY HALL**
        **15TH STREET**
        **GULFPORT,  MISSISSIPPI 39503**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to BROWN BUCHANAN P.A., whose address is Post Office Box 1377, Biloxi, Mississippi, 39533-1377. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

ISSUED under my hand and seal of said Court, this the 30 day of October, 2015.

Gayle Parker, Clerk
County Court of Harrison County
Post Office Box 1461
Gulfport, MS 39502

BY: _Ellastafua_
Deputy Clerk

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**GEORGIA KARLSON**                                           **PLAINTIFF**

**VERSUS**                                    CAUSE NO. D2401-15-1551

**CITY OF GULFPORT, MISSISSIPPI,**
**SHAWN WILLIAMS , GEORGE VITTECK and**
**JOHN DOES 1 - 5**                                           **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   **GEORGE VITTECK**
      **16023 APRIL DRIVE**
      **GULFPORT, MISSISSIPPI 39503**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to

**BROWN BUCHANAN P.A.**, whose address is Post Office Box 1377, Biloxi, Mississippi, 39533-

1377. Your response must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a Judgment by Default will be entered against you for the money

or other things demanded in the Complaint.

You must file the original of your response with the Clerk of this Court within a reasonable

time afterward.

ISSUED under my hand and seal of said Court, this the 30 day of October, 2015.

Gayle Parker, Clerk
County Court of Harrison County
Post Office Box 1461
Gulfport, MS 39502

BY: _Eileen Stott for_ oc
Deputy Clerk

# IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**GEORGIA KARLSON**                                                    **PLAINTIFF**

**VERSUS**                                       CAUSE NO. 24O1-15-155

**CITY OF GULFPORT, MISSISSIPPI,**
**SHAWN WILLIAMS , GEORGE VITTECK and**
**JOHN DOES 1 - 5**                                                   **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   **SHAWN WILLIAMS**
      **1400 28TH STREET**
      **GULFPORT, MISSISSIPPI 39501**

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to

**BROWN BUCHANAN P.A.,** whose address is Post Office Box 1377, Biloxi, Mississippi, 39533-

1377. Your response must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a Judgment by Default will be entered against you for the money

or other things demanded in the Complaint.

You must file the original of your response with the Clerk of this Court within a reasonable

time afterward.

ISSUED under my hand and seal of said Court, this the 30 day of October, 2015.

                                    Gayle Parker, Clerk
                                    County Court of Harrison County
                                    Post Office Box 1461
                                    Gulfport, MS 39502


                                    BY: _____
                                        Deputy Clerk

## County Court District 1

### Gayle Parker, Circuit Clerk

1801 23rd Avenue

Gulfport, MS 39501

(228) 865-4230

| | | | |
|---|---|---|---|
| Received From: | Buchanan, Patrick R. | Date: | 10/30/2015 |
| | BROWN, BUCHANAN AND SESSOMS, P | Receipt #: | **58624** |
| | P O BOX 1377 | | |
| | BILOXI, MS 39533-1377 | | |
| | | Clerk: | CAM |
| Paying for: | Karlson, Georgia | | |
| Transaction Type: | Civil | Reference #: | 35328 |
| Payment Type: | Check | Original Case #: | |
| Total Paid | $166.00 | Comment: | |
| | $166.00 | | |
| Total Received | $166.00 | | |
| Change Due | $0.00 | | |

| Case # | Caption | Previous Balance | Amount Paid | Balance Due |
|---|---|---|---|---|
| D24011501551 | Georgia Karlson vs  City Of Gulfport | $166.00 | $166.00 | $0.00 |

File: J:\pcss\jemsrpts\County\ReceiptSingleCase.RPT

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**GEORGIA KARLSON**                                         **PLAINTIFF**

**VERSUS**                           CAUSE NO. D2401-15-1551

**CITY OF GULFPORT, MISSISSIPPI,**
**SHAWN WILLIAMS , GEORGE VITTECK and**
**JOHN DOES 1 - 5**                                         **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

    TO:    **SHAWN WILLIAMS**
                 **1400 28TH STREET**
                 **GULFPORT, MISSISSIPPI 39501**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand deliver a copy of a written response to the Complaint to

**BROWN BUCHANAN P.A.,** whose address is Post Office Box 1377, Biloxi, Mississippi, 39533-

1377. Your response must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a Judgment by Default will be entered against you for the money

or other things demanded in the Complaint.

    You must file the original of your response with the Clerk of this Court within a reasonable

time afterward.

    ISSUED under my hand and seal of said Court, this the 30 day of October, 2015.



Gayle Parker, Clerk
County Court of Harrison County
Post Office Box 1461
Gulfport, MS 39502

BY: _____
    Deputy Clerk

## PROOF OF SERVICE - SUBPOENA
### (Process Server)

SHAWN WILLIAMS

(Name of person or entity served - Use separate proof of service for each person served).

I, the undersigned process served, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

__  **FIRST CLASS MAIL & ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

X  **PERSONAL SERVICE.** I personally delivered copies to Shawn Williams on the 11 day of Nov, 2015, where I found said person in Harrison, County of Mississippi, State of __

__  **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2015, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2015, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

__  **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attached signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

**Process server must list below: (Please print or type)**
NAME: Neil McInnis
ADDRESS: US Dist. Court Box 245
TELEPHONE: 228 860 4199

STATE OF MISSISSIPPI
COUNTY OF

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Neil McInnis, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Subpoena" are true and correct as therein stated.

_____
PROCESS SERVER

SWORN TO AND SUBSCRIBED before me, this the 20 day of November, 2015.

_____
NOTARY PUBLIC

My commission expires: _____

STATE OF MISSISSIPPI
SHARON KAYE GOFF
ID No
28471
NOTARY PUBLIC
Comm Expires
Sep 11 2018
GEORGE COU

IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

GEORGIA KARLSON                                                    PLAINTIFF

VERSUS                                           CAUSE NO. D2401HS-1551

CITY OF GULFPORT, MISSISSIPPI,
SHAWN WILLIAMS , GEORGE VITTECK and
JOHN DOES 1 - 5                                                  DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

     TO:    **GEORGE VITTECK**
            16023 APRIL DRIVE
            GULFPORT, MISSISSIPPI 39503

## NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

     You are required to mail or hand deliver a copy of a written response to the Complaint to

BROWN BUCHANAN P.A., whose address is Post Office Box 1377, Biloxi, Mississippi, 39533-

1377. Your response must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a Judgment by Default will be entered against you for the money

or other things demanded in the Complaint.

     You must file the original of your response with the Clerk of this Court within a reasonable

time afterward.

     ISSUED under my hand and seal of said Court, this the 30 day of October, 2015.

                                      Gayle Parker, Clerk
                                      County Court of Harrison County
                                      Post Office Box 1461
                                      Gulfport, MS 39502

                                BY: _____
                                  Deputy Clerk

## PROOF OF SERVICE - SUBPOENA
(Process Server)

GEORGE · VITTECK

(Name of person or entity served - Use separate proof of service for each person served).

I, the undersigned process served, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

___ **FIRST CLASS MAIL & ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

X **PERSONAL SERVICE.** I personally delivered copies to GEORGE VITTECK on the 11 day of NOV, 2015, where I found said person in HARRISON, County of Harrison, State of MISSISSIPPI.

___ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2015, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2015, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

___ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attached signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

**Process server must list below: (Please print or type)**

NAME: NEILL McINNIS
ADDRESS: 45 HAROY COURT BX 293
TELEPHONE: 228 860 4199

STATE OF MISSISSIPPI
COUNTY OF

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named Neill McInnis, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Subpoena" are true and correct as therein stated.

_____
PROCESS SERVER

SWORN TO AND SUBSCRIBED before me, this the 20 day of November, 2015.

_____
NOTARY PUBLIC

[Notary Seal: STATE OF MISSISSIPPI, SHARON KAYE GOFF, ID No 28471, NOTARY PUBLIC, Comm Expires January 10, 2018, GEORGE COUNTY]

My commission expires:

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

**GEORGIA KARLSON**                                              **PLAINTIFF**

**VERSUS**                                         CAUSE NO. D2401-15-1551

**CITY OF GULFPORT, MISSISSIPPI,**
**SHAWN WILLIAMS , GEORGE VITTECK and**
**JOHN DOES 1 - 5**                                            **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

        TO:    **CITY OF GULFPORT**
                 **C/O BILLY HEWES, MAYOR**
                 **CITY HALL**
                 **15TH STREET**
                 **GULFPORT,  MISSISSIPPI 39503**

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand deliver a copy of a written response to the Complaint to

**BROWN BUCHANAN P.A., whose address is Post Office Box 1377, Biloxi, Mississippi, 39533-**

**1377.** Your response must be mailed or delivered within thirty (30) days from the date of delivery

of this Summons and Complaint or a Judgment by Default will be entered against you for the money

or other things demanded in the Complaint.

    You must file the original of your response with the Clerk of this Court within a reasonable

time afterward.

    ISSUED under my hand and seal of said Court, this the 30 day of October, 2015.

Gayle Parker, Clerk
County Court of Harrison County
Post Office Box 1461
Gulfport, MS 39502

BY: _Ella Statger a_
Deputy Clerk

## PROOF OF SERVICE - SUBPOENA
(Process Server)

CITY OF GULFPORT — Billy Hewes

<small>(Name of person or entity served - Use separate proof of service for each person served).</small>

I, the undersigned process served, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

___ **FIRST CLASS MAIL & ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

✗ **PERSONAL SERVICE.** I personally delivered copies to Billy Hewes cuy G/t on the 17 day of November 2015, where I found said person in Harrison, County of _____, State of _____.

___ **RESIDENCE SERVICE.** After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, _____. I served the summons and complaint on the _____ day of _____, 2015, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2015, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

___ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attached signed return receipt or other evidence of actual delivery to the person served.)

At the time of service I was at least 18 years of age and not a party to this action.

**Process server must list below: (Please print or type)**

NAME: Neill McInnis
ADDRESS: 45 Harry Court Box 243
TELEPHONE: 860 4199

STATE OF MISSISSIPPI
COUNTY OF

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Neill McInnis_, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Subpoena" are true and correct as therein stated.

_____
PROCESS SERVER

SWORN TO AND SUBSCRIBED before me, this the 20 day of _November_ 2015.

_____
NOTARY PUBLIC

My commission expires:

<small>STATE OF MISS.
SHARON KAYE GOFF
ID No
28471
NOTARY PUBLIC
Comm Expires
January 10, 2018</small>